**David ROEMER, Plaintiff,**

v.

**BOARD OF EDUCATION OF THE CITY SCHOOL, DISTRICT OF THE CITY OF NEW YORK, Public Employment Relations Board, Herbert Monte Levy, and Tom Pappas, Defendants.**

**No. 01CV1105NGSMG.**

United States District Court, E.D. New York.

Nov. 6, 2003.

as "15 U.S.C. § 7."

David Roemer, Brooklyn, NY, pro se.

Michael DeLarco, The City of New York Law Department, Carolyn Cairns Olson, Attorney General of the State of New York, Claude I. Hersh, New York State United Teachers, Herbert Monte Levy, New York, NY, for Defendants.

## MEMORANDUM AND ORDER

GERSHON, District Judge.

Plaintiff objects to the Report and Recommendation of the Honorable Steven M. Gold, magistrate judge, recommending that the third amended complaint be dismissed and that leave to file a fourth amended complaint be denied. I have therefore reviewed the Report and Recommendation under the *de novo* standard of review as required by Rule 72(b) of the Federal Rules of Civil Procedure. Based upon that review, Judge Gold's recommendations are adopted.

### Subject Matter Jurisdiction

Under Judge Gold's painstaking analysis of the *Rooker–Feldman* doctrine, *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), with which I agree, most of the claims in this case must be dismissed for lack of subject matter jurisdiction.

### Constitutional Challenge to New York State Education Law § 3020–a

■ One of the claims not precluded by the *Rooker–Feldman* doctrine is plaintiff's proposed challenge to the constitutionality of New York State Education Law § 3020–a. Plaintiff claims that, insofar as that statute limits review of arbitration decisions to New York CPLR Article 75 proceedings, rather than giving teachers the broader review of an Article 78 proceeding, it violates due process and equal protection of the laws. As Judge Gold found, any proposed declaratory judgment claim—there is none in the existing pleading—would be futile and therefore plaintiff's "implicit application for leave to amend his complaint to add it should ... be denied." RR at 15.

■ Plaintiff's argument that "heightened scrutiny" should apply is contrary to applicable law; Judge Gold correctly applied the rational basis standard of equal protection review. As Judge Gold found, dismissed New York City schoolteachers are not a suspect class, and "it is plainly reasonable to limit a teacher's right to appeal an adverse hearing decision to the same scope of review generally applicable in actions seeking to challenge arbitration awards." RR at 17. In sum, plaintiff's argument that a dismissed teacher is limited to Article 75 Review fails to state a due process or equal protection claim.

### Claims Against Plaintiff's Former Attorney, Herbert Monte Levy

Plaintiff now agrees to the dismissal *without prejudice* of defendant Levy. For the reasons stated by Judge Gold, the claims against defendant Levy will be dismissed, with prejudice, both under the *Rooker–Feldman* doctrine and because, in any event, they fail to state a claim.

### Plaintiff's Claims Against PERB and Application to File a Fourth Amended Complaint to Name Four PERB Officials as Defendants and to Seek Injunctive Relief

Plaintiff now agrees to the dismissal, again *without prejudice,* of his claims against PERB. However, for the reasons stated by Judge Gold, those claims will be dismissed with prejudice, and plaintiff's application for leave to file a fourth amended complaint expanding on his allegations regarding PERB is denied.

### First Amendment Retaliation Claims

Judge Gold recommended that these claims (the one set forth in the amended complaint and the additional ones described in plaintiff's memorandum in opposition to summary judgment, *see* RR at 20) be dismissed as time-barred and, alternatively, on the merits.

■ Regarding time-bar, Judge Gold was correct that each of the claims plaintiff referred to is time-barred. Plaintiff now asserts the continuing violation theory and argues that his termination, as to which his complaint is timely, is merely the culmination of a continuing series of First Amendment violations. To begin with, the continuing violation theory will not suffice to make timely the First Amendment violation alleged in the third amended complaint or the additional claims in plaintiff's memorandum before Judge Gold. The Supreme Court has recently held that the continuing violation doctrine does not permit untimely claims for discrete acts, as opposed to hostile work environment claims, even where they are related to a timely claim. *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 106–115, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).

■ Even if plaintiff were permitted, at this late date, to add a First Amendment retaliation claim to his various challenges to his termination, it would be futile. Judge Gold addressed a variety of grounds, each of which is contested by plaintiff, as to why plaintiff's First Amendment claims are without merit. It is unnecessary to address each because one ground so thoroughly supports dismissal. As Judge Gold stated, a defendant employer may overcome liability by demonstrating that the employee would have been terminated even absent his protected speech. Judge Gold noted that in this case the Board of Education's allegations of insubordination and incompetence have been extensively reviewed by a statutory arbitration panel and found sufficient to justify plaintiff's dismissal (the lone dissent to the panel's decision, filed by the Employee Panel Member, was not based on a disagreement with the panel's findings; rather the dissenter disagreed with only the recommended punishment); and his Article 75 petition challenging the panel's decision was rejected by the state courts. RR at 19–20.[1]

■ In *Collins v. New York City Transit Authority*, 305 F.3d 113 (2d Cir.2002), the Court of Appeals for the Second Circuit held that, given the probative weight of an arbitration decision, the circumstances of the plaintiff's termination did not support an inference of either discrimination or retaliation. Here, as in *Collins*, the arbitration panel was an independent panel at which plaintiff was represented by counsel, indeed counsel he himself retained. The panel heard evidence over many days and considered what is essentially the same defense that plaintiff raises here, namely, that his dispute with his supervisors was merely one of philosophy and methodology, for which he could not be disciplined. It is clear from the fifty page decision of the arbitration panel that it fully considered plaintiff's arguments but, based upon overwhelming evidence, rejected them. The panel concluded that Roemer was "culpable of failing to provide adequate aims and summaries in his lessons; of failing to adequately involve stu-

---

1. The arbitration panel's findings are part of the Record on Appeal to the Appellate Division in *Roemer v. Levy*, 280 A.D.2d 592, 720 N.Y.S.2d 814 (2d Dep't 2001), which was submitted to this court on the pending motions and will be referred to as the "Arbitration Findings."

dents in his lessons; of failing to motivate students in his lessons; of failing to provide appropriate written lesson plans; and of failing to meet with his supervisors concerning the lessons he had taught." *Arbitration Findings* at 43. These conclusions were supported by a detailed analysis of the facts and the arguments of the parties to the arbitration. Turning to the question of the proper penalty, the majority of the panel concluded that "the specific facts of this case demand that [plaintiff's] services be terminated." *Arbitration Findings* at 46. This conclusion was based upon the extent of the observations made by plaintiff's supervisors of his class work and his repeated acts of insubordination in refusing to accept suggestions for remediation. The majority found that "this is not a case of a teacher who could improve with additional training. Instead, this is a case of a teacher who simply believed he was right and everyone else was wrong." *Arbitration Findings* at 47; *See Arbitration Findings* at 49.

The arbitration panel expressly found that "none of Bruchner and Cohen's suggestions or observations [Bruchner being the principal and Cohen the assistant principal of the high school where plaintiff was employed], were based on anything but their assessment of his performance." *Arbitration Findings* at 41. The panel further found that:

> "there is nothing in the record to even remotely suggest that Bruckner or Cohen placed unreasonable demands upon Roemer. They surely did not conspire to oust him and Roemer acknowledged that he did not regard them as malicious individuals bent on getting him. Instead, the goals they espoused—more student participation, greater responsiveness to students' questions, injecting lessons with aims, motivations, etc., and better use of demonstrations, reflect commonly accepted pedagogical methodology. Thus, [Roemer's] failure to adhere to them renders him culpable of the charges alleging unsatisfactory performance in its various forms." *Arbitration Findings* at 41–42.

Plaintiff, in his objections to the Report and Recommendation, argues that it has not been demonstrated that he would have been dismissed absent his protected speech. His principal argument in support of this objection is that Judge Gold improperly applied the doctrine of collateral estoppel, even though Judge Gold expressly declined to address that doctrine on these motions. Plaintiff simply misapprehends the difference between applying collateral estoppel and giving evidentiary weight to the arbitration. *See Collins* at 119.

Plaintiff also argues that it was not determined in the Article 75 proceeding that there was an independent reason to dismiss him. *See* Plaintiff's Objections to Declaration of Michael DeLarco at 31. Plaintiff's arguments do not overcome the principle of *Collins,* and he point to no facts which he has produced or could produce, other than those which he presented to the arbitration panel. His claim that his removal from teaching responsibilities and his dismissal were in retaliation for protected speech amounts to nothing more than a disagreement with the panel's conclusions.

Fully aware that the findings of the arbitration panel, which are expressly referenced in his third amended complaint, were made a part of the record on the motions, and having submitted numerous factual matters himself, plaintiff now complains that Judge Gold should not have considered the facts as to his dismissal. To begin with, some defendants moved for dismissal under Rule 12 for lack of subject matter jurisdiction and failure to state a

claim; defendant Levy expressly moved for summary judgment and provided notice under Local Rule 56.2. Plaintiff's opposition affidavit is described as "Affidavit in Opposition to Motions to Dismiss Under Rules 12(b). and 56;" and sixteen exhibits are attached to it. In addition, his objections to me all recite that they were "prepared with the assistance of counsel." *See e.g.* p. 50 of initial objections. It is clear then that the pro se plaintiff, who himself moved for summary judgment and attached dozens of factual exhibits to his supporting affidavit and submitted a Rule 56.1 statement, was aware of his obligation to produce all available evidence demonstrating a genuine dispute over material facts. *See Sawyer v. American Federation of Government Employees, AFL–CIO,* 180 F.3d 31, 34–36 (2d Cir.1999); *Corcoran v. New York Power Authority,* 935 F.Supp. 376 (S.D.N.Y.1996).

Rule 12(b) expressly provides that, where a party moves to dismiss for failure to state a claim, and "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Here, as noted, plaintiff did have an opportunity, which he took, to present material outside the pleading, but failed to proffer any evidence, other than the conclusory claim that he was retaliated against, in opposition to the evidence relied upon by the arbitrators. He makes no showing of factual error by the arbitrators, and in his objections again fails to make any demonstration that there are facts which could lead a reasonable fact-finder to reach a conclusion different from that found by the arbitration panel. *See Beal v. Lindsay,* 468 F.2d 287, 291 (2d Cir.1972) (upholding dismissal of complaint where plaintiff re-

sponded to factual submissions made on a Rule 12 motion but failed to raise a "substantial question of the veracity or completeness of the movant's showing or present[ ] countervailing facts").

Under all of these circumstances, it is clear that plaintiff, like the plaintiff in *Collins,* cannot show that the arbitration decision was wrong. He has offered no new evidence not before the tribunal, nor any evidence "that the impartiality of the proceeding was somehow compromised." *Collins* at 119. On the contrary, here as in *Collins,* plaintiff "has offered insufficient evidence of causation linking his termination to motives of retaliation . . . to overcome the cumulative probative weight of the evidence of a legitimate reason for his discharge and of the final termination decision by the arbitration board." *Id.* As the court in *Collins* said:

> "[Plaintiff's] termination occurred, therefore, only after a decision, based on substantial evidence, of an undisputedly independent, neutral and unbiased adjudicator that had the power to prevent the termination. This fact is highly probative of the absence of discriminatory intent in that termination." *Id.* at 119.

That the arbitrator did not address the claim of retaliation does not alter this conclusion. *See Brinson v. New York City Transit Authority,* 60 F.Supp.2d 23, 30 (E.D.N.Y.1999), *aff'd* 213 F.3d 625, 2000 WL 562421 (2d Cir.2000)("[I]t is immaterial that the arbitrator did not consider [plaintiff's] claim of discrimination and instead focused on the misconduct charges"). Put another way, no reasonable jury could find for the plaintiff on the First Amendment retaliation claims.

### Conclusion

For the reasons stated by Judge Gold and in this Order, the third amended complaint is dismissed with prejudice, and

plaintiff's application for leave to file a fourth amended complaint is denied.

**SO ORDERED.**